**Joe Bill CARTER, Plaintiff-Respondent,**

**v.**

**Martha STENDEBACK, a/k/a Martha F. Stendeback, and John D. Powell, Administrator of the Estate of John R. Hardcastle, Defendants-Appellants.**

**No. 34209.**

Missouri Court of Appeals, St. Louis District.

June 20, 1972.

Jack A. Alfeld, Carrollton, Ill., Schurr & Inman, Clayton, for defendants-appellants.

Schramm & Morganstern, Paul H. Schramm, M. Harvey Pines, Clayton, for plaintiff-respondent.

DOWD, Judge.

An attorney's fee case. The action arises out of a contingency fee contract entered into by the plaintiff, Carter, an attorney, and the defendant Martha Stendeback. In this court tried case, a judgment was entered in favor of the plaintiff in the amount of $17,500 against Martha Stendeback and also against John D. Powell, Administrator of the estate of John R. Hardcastle, Martha's stepfather. The judgment was declared to be a lien upon Martha's distributive share in her stepfather's estate. Both defendants appeal.

On January 8, 1968, defendant Martha Stendeback's stepfather, John R. Hardcastle, died. In addition to Martha, his second wife, Nellie, survived him. During the two week period following the death, Martha's aunt contacted attorney Carter and arranged for a meeting between him and her niece.

The purpose of the meeting was to discuss some problems concerning the estate of John R. Hardcastle. The deceased had drawn a will in 1954, leaving his entire estate to his first wife Virginia, Martha's mother. In the event she predeceased him which she in fact did, the estate was left to Martha. However, the attorney who had drawn the will, William Boles, had informed Martha that he only had a copy of the will and did not know the whereabouts of the original. At the time of this first meeting, Martha knew that her stepfather's estate had been opened in the Probate Court, wherein John R. Hardcastle's second wife, Nellie, was listed as sole distributee of the estate, resulting in Martha's complete disinheritance. Nellie's son John D. Powell, was Administrator of the estate, which was estimated to be between $100,000.00 and $200,000.00.

The question of Carter's fee was discussed at the meeting, Martha and her husband indicating that they could not pay either hourly rates or a fixed sum. The contingency basis was thereupon agreed to by both sides. By the terms of the contract, dated January 23, 1968, Martha Stendeback employed Carter [1] "to represent her and to prosecute for her her claim for inheritance and other matters from John Robert Hardcastle, deceased, and Virginia Lane Hardcastle, [2] deceased."

The contract provided that the attorney fee was to be " * * * ONE-THIRD (⅓) of any sum received by me or my heirs, devisees or assigns by way of suit or compromise, inheritance or devise, or in any other form. In the event nothing is received, the said attorneys are to receive nothing for their services. All necessary court costs are to be deposited by me." The contract was signed "accepted" for the law firm by the plaintiff.

Within a week after the contract was signed, Carter and Mrs. Stendeback went to Carrollton, Illinois to talk to one Jack McDonald, the deceased's attorney in that state. McDonald himself had never drawn a will for the deceased, although they had discussed it. At the time of the meeting of

---

1. The named attorneys in the contract was the law firm by whom Carter was employed; however, there is no contention here that Carter is not the attorney employed.

2. Virginia Lane Hardcastle was defendant Stendeback's mother and there is no claim that plaintiff is entitled to compensation in her mother's estate.

McDonald, Carter, and Stendeback, McDonald stated he did not know the whereabouts of the will. McDonald also told them in this conversation that the wills had been destroyed and it was "too bad for Martha" and Martha was not taken care of. McDonald in fact had no separate file on the deceased, having primarily handled the estates of the deceased's first wife and his sister. Carter asked to examine McDonald's files, but was told that he would have to come back at a less busy time. February 16, 1968, was agreed upon, but Carter subsequently cancelled upon discovering a prior commitment.

About February 15, Carter sent out identical registered letters to four persons, requesting information as to the existence and whereabouts of a will belonging to the deceased. After McDonald received his letter, he discovered the deceased's original will in the file of John Hardcastle's deceased sister, Margaret Hardcastle. McDonald thereupon notified both Carter and Mrs. Stendeback, and delivered the will to the Probate Court. The will was subsequently admitted to probate and the surviving spouse, Nellie (not named in it) elected to take against the will. She thereupon became entitled to one-half the estate, and Martha became entitled to the other half.

At the trial below, Carter testified that he expended between 70 and 80 working days on behalf of Mrs. Stendeback during the period January 22, 1968 and May 16, 1968, when his services were formally terminated. He estimated his research time to exceed 80 to 100 hours. In those 70 or 80 days, Carter made three trips to Illinois, some 45 to 60 long distance calls, held numerous conferences with various people, filed an action and conducted a trial for disclosure of assets and removal of the Administrator, and hired an Illinois attorney for assistance in a partition action, filed in that state.

In the latter part of April, Mrs. Stendeback telephoned the plaintiff to advise him that his services were terminated. She

subsequently wrote him a letter to the same effect, dated May 16, 1968.

After Carter's services were terminated, he and Mrs. Stendeback discussed his fee, but could not agree on an amount.

Thereafter, on July 11, 1968, plaintiff instituted an action against his former client and against John D. Powell, Administrator of the estate of John R. Hardcastle. The petition alleged the existence of a written employment contract with the defendant Stendeback, and the performance of numerous legal services by the plaintiff in accordance with this contract and in furtherance of defendant's claim to a share in this estate, as a result of which the defendant became entitled to a share in the said estate. Plaintiff further alleged that he was thereby entitled to one-third of whatever the defendant received, the amount of which could not be determined since the estate was still in probate. The relief prayed for against the defendant Stendeback was an accounting of her inheritance and a money judgment of one-third of the total value, and an attorney's lien on all estate property which she received. The relief prayed for against the defendant Powell was an injunction against distribution of the estate until plaintiff's judgment was satisfied and an attorney's lien on all estate property in his charge.

The court below rendered judgment in favor of the plaintiff using the following words:

"The Court finds that the attorney is entitled to receive a judgment for services rendered, but not entitled to receive compensation in accordance with the employment contract. The Court finds that the attorney expended a large amount of time, talent and effort in behalf of the defendant and is entitled to be compensated therefore in the sum of Seventeen Thousand Five Hundred Dollars ($17,500.00).

"WHEREFORE, the Court orders and decrees a judgment in favor of the

plaintiff and against the defendants in the sum of Seventeen Thousand Five Hundred Dollars ($17,500) and the costs expended in this cause.

"The Court further orders that this judgment be a lien upon the distributive share of Martha Stendeback in the Estate of John Robert Hardcastle, Cause Number 39259, St. Louis County Probate Court."

■ As said, both defendants appeal from this judgment. The dispositive issues are:

1. Whether a money judgment was proper against the defendant Powell, the Administrator of the estate of John R. Hardcastle;

2. Whether an attorney's lien may be had against the undistributed assets of an estate based on a judgment obtained against a beneficiary, and if such a lien is valid, whether proper notice of it was given by the plaintiff;

3. Whether the amount of the judgment was proper in view of the services rendered;

4. Whether appellants' failure to file a motion for a new trial precludes them from raising on appeal Point 2, supra.

Both sides agree, and so do we, that the Court below erred in entering a money judgment against the defendant Powell. No such relief was prayed for in the plaintiff's petition and there is no evidence even suggesting that the estate could possibly be liable for legal services rendered by the plaintiff to defendant Stendeback. This part of the judgment is accordingly reversed.

■ Before considering the propriety of the attorney's lien, we come to the question raised by respondent regarding appellants' standing to raise this issue on appeal. Respondent contends appellants having failed to file a motion for a new trial in this court tried case are precluded from raising this contention on appeal. This contention is answered by Russell v. Russell, Mo., 427 S.W.2d 471 which holds that no motion for a new trial is necessary for appellate review of a case tried without a jury.

■ As to the issue itself, we conclude that an attorney's lien does not properly lie against the undistributed assets of an estate, based on a judgment rendered against a beneficiary. The contract which was the basis for this action was only between the plaintiff and the defendant Stendeback. If the defendant received any assets of the estate, the contract provided that the plaintiff would be entitled to one-third of the total value received. Thus, the assets of the estate could not be reached by the plaintiff, but only those assets which the defendant actually would receive as her distributive share.

Also after carefully examining the attorney's lien statute (Section 484.130 RSMo 1969, V.A.M.S.) we find no authority for an attorney's lien on an undistributed share of an estate.

This reasoning is substantiated by the garnishment statute (Section 525.030 RSMo 1969, V.A.M.S.) which sets out those exceptions, that is, those persons or classes of persons who are not liable to be summoned as a garnishee: " * * * *or* *any administrator or executor of an estate, prior to an order of distribution,* or for payment of legacies, or the allowance of a demand found to be due by his estate * * *." (Emphasis supplied). Since the record shows that this matter is still pending in the Probate Court, there has obviously been no order of distribution. And, as indicated, supra, this is not a debt owned by the estate, but by a beneficiary of the estate. Concluding that an attorney's lien does not properly lie against the

**538**

undistributed assets of an estate, there is no need to discuss the issue of whether plaintiff gave proper notice of his lien.

■ The final issue concerns the amount awarded to the plaintiff by the Court below—$17,500.00. The defendant Stendeback does not contest the finding that plaintiff is entitled to some compensation. She does contend that the amount awarded is exorbitant. The Court found that the plaintiff was not entitled to compensation in accordance with the contingent fee contract, but that he was entitled to a reasonable fee commensurate with the actual services rendered. However, here the attorney plaintiff had a contract with the defendant Stendeback which is specifically authorized by Section 484.140 RSMo 1969, V.A.M.S. The plaintiff performed substantial legal services based upon this contract. According to the evidence the defendant's share of the decedent's estate will amount to over $90,000. Under the terms of the contract, plaintiff would have been entitled to one-third of this amount, or over $30,000. The trial court could have properly awarded this amount to the plaintiff. In light of this figure, we cannot say that $17,500 was either exorbitant or unreasonable.

Likewise, an examination of the extensive legal services performed by plaintiff as set out in this opinion also convinces us that the attorney fee awarded was not unreasonable. "* * * The court below should have considerable latitude of discretion on the subject, since it has far better means of knowing what is just and reasonable than an appellate court can have. * * *" German Evangelical St. Marcus Congregation of St. Louis v. Archambault, Mo., 404 S.W.2d 705, 712.

Accordingly, that part of the judgment awarding a judgment against John D. Powell, Administrator of the estate of John R. Hardcastle, is reversed and that part of the judgment declaring the judgment to be a lien upon the distributive share of defendant Stendeback in the es-

tate of John R. Hardcastle is reversed. The judgment in favor of plaintiff for $17,500 against defendant Stendeback is affirmed. It is so ordered.

BRADY, C. J., and SMITH, SIMEONE, and WEIER, JJ., concur.